The Court.
 

 The rent is a legal incident of the reversion, and passes with it. This rent fell due on 2d March, 1837, and the plaintiff assigned the reversion on the 14th February previous, by deed of bargain and sale to Isaac Short, without reservation. The effect of this deed was to transfer the rent absolutely to Short. But it is attempted to be shown that this deed, though dated on the 14th February, was not in point of fact delivered until the 2d March, 1837, and the evidence offered to prove this is, that the deed was executed in Baltimore, to a person residing here, and the bond for the purchase money is dated on the 2d March. This evidence is not even admissible as proof of the delivery. The attesting witnesses must be called, or shown tó be dead, or out of the jurisdiction, before any other proof can be offered of the formal execution of the deed. Until such testimony is given, the attestation on the face of the deed must be taken to be true. The question then is whether any promise of the tenant after the assignment of the reversion, can give a right of action to the assignor. Such a promise would be without consideration and void; or it would subject the tenant to two actions, and compel him to pay the rent twice.
 

 Plaintiff nonsuited.